By the Court, Learned, J.
The plaintiff in error and one Dorris were indicted and convicted of grand larceny. The evidence showed that St. Valerie ordered some goods at a store, directing them to be sent to a certain place where they would be paid for. The goods were sent by a clerk. On his going into the house, the other prisoner, Dorris, took the goods, saying, “these are the goods my sister ordered.” She asked the clerk to take a seat, and went, herself, into the next room, saying she would look at the goods. After some time, the clerk discovered she had gone from the house. Some of the goods were afterwards found in another house, where St. Valerie lived. There were other circumstances sufficient to show that the whole pretended purchase was a fraud and trick.
The plaintiff in error claims that when goods have been obtained by a purchase, the party obtaining them cannot be convicted of larceny. (Ross v. The People, 5 Hill, 294.) But in the present case the possession of the goods was not obtained by purchase, Dorris obtained the possession from the clerk by pretending that she wished to look at them. This was a mere fraud and trick, and was not the obtaining of goods under a purchase. The ground on which the cases cited by the plaintiff in error are placed is, that when the property is intended to be conveyed, no larceny is committed. Wow there is evidence that there was no intent to convey the property when the clerk permitted Dorris to take the goods for the purpose of looking at them.
The court charged the jury that in order to convict either or both, they must be satisfied that the prisoners *423 had entered into a felonious plot to steal these goods, and that at the time when St. Valerie went to the store, ordered the goods and said the bill would be settled at the house, she had the felonious intent to steal the goods. And in like manner that Dorris must have had a felonious intent to steal, when she obtained possession of the goods, in order that the prisoners could be convicted.
[First Department, General Term, at New York,
January 6, 1873.
Ingraham, Brady and Learned, Justices.]
This charge seems to have been just and fair. It left to intent the jury the question whether there was a felonious at the time when Dorris obtained possession of the goods, and whether the goods were not obtained by Dorris in pursuance of a previous felonious intent of both prisoners, and which St. Valerie had at the time of the ordering the goods.
The judgment should be affirmed.